KLEES, Judge.
Anna H. Smith (Smith) appeals from a judgment ordering her removal as adminis-tratrix of the succession of Numa J. Hel-wick (decedent), and appointing Aileen C. Asbury (Asbury) as her replacement. The issue for review is whether the trial court had cause for removal.
Decedent died intestate May 27, 1983, while domiciled in Orleans Parish. He left no children and was predeceased by his parents. He was survived by his spouse, Blanche Pauline Asbury Helwick (Mrs. Hel-wick), and by two siblings, Joseph L. Hel-wick (Helwick) and appellant Smith. Hel-wick was appointed administrator of decedent’s succession on July 7, 1983, and shortly thereafter filed a descriptive list showing decedent’s share of the community assets to be $26,859. For the next two years, Helwick administered decedent’s succession on behalf of decedent’s surviving spouse, Mrs. Helwick, who was in a nursing home suffering from Alzheimer’s disease.
Mrs. Helwick died intestate on December 10, 1985. Because of Mrs. Helwick’s Alzheimer’s condition, Smith takes the position that Mrs. Helwick had not accepted decedent’s succession at the time of her death. Mrs. Helwick’s sole surviving heir was her brother, Walter M. Asbury (Mr. Asbury), husband of appellee. Mr. Asbury died testate on November 11, 1991, leaving his surviving spouse, appellee Asbury, as his sole heir. At the time of his death, Mr. Asbury had neither accepted nor rejected the succession of Mrs. Helwick. Thus, during the course of eight years, the right to decedent’s estate had passed along as follows:
1. from decedent to his surviving spouse, Mrs. Helwick, on May 27,1983;
2. from Mrs. Helwick to her brother, Mr. Asbury, on December 10, 1985;
3. from Mr. Asbury to his surviving spouse, appellee Asbury, on November 11, 1991.
Meanwhile, on August 13, 1990, Helwick died while still administrator of decedent’s succession. On December 10, 1990, appellant Smith, as sister of decedent, was appointed administratrix. On April 22, 1992, appellee Asbury filed a motion requesting an accounting of the succession and the removal of Smith as administratrix.
Following a May 8, 1992 hearing, the trial court ordered Smith to file an accounting, but declined to remove her as adminis-tratrix. On June 22, 1992, Smith filed an “interim account” for the period January 1987 through April 1992.
On June 23, 1992, Asbury once again filed a motion requesting an accounting and the removal of Smith as administratrix. In her motion, Asbury asserted that Smith’s “interim account” was “absolutely worthless.” Asbury requested that “a full accounting of all funds received and disbursed from May 27, 1983 be made up to and including the present time by not only *825 the current administratrix, but by the former administrator Joseph L. Helwick. * * * In the absence of the above mover requests that the Court order all records of this administration, both in the hands of Joseph L. Helwick’s wife and the present administratrix Anna Helwick Smith, be turned over to mover so that a proper accounting can be prepared.”
On July 17, 1992, Smith filed an exception of no cause of action, arguing that Asbury was a stranger to decedent’s succession because Mr. Asbury did not accept the succession of Mrs. Helwick prior to his death. On August 21, 1992, the court denied this exception and removed Smith as administratrix. Asbury was appointed ad-ministratrix on September 16, 1992. Shortly thereafter, Smith filed a writ application with this court as to her exception of no cause of action. We denied writs November 6, 1992.
On November 19, 1992, the trial court signed a final judgment denying Smith’s exception and ordering the removal of Smith as administratrix. Smith subsequently brought this suspensive appeal. We affirm.
On appeal, Smith raises numerous arguments as to whether Asbury had a right to succeed to the estate of decedent. Asbury takes the position that these arguments are inapplicable, and that the sole issue for review is whether the trial court had cause to remove Smith as administra-trix. We agree with Asbury, and conclude that the trial court had cause for removal.
La.C.Civ.P. Art. 3331 provides, “A succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of any interested person.” La.C.Civ.P.Art. 3182 grants the trial court discretion to discharge “any succession representative who * * * has failed to perform any duty imposed by law or by order of court * *
It is clear from the record that the court ordered Smith to file an account of the succession on two occasions, and that Smith failed to do so. Although Smith argues in brief that she filed a complete accounting for the period of her administration, a review of her only accounting, the document labeled “interim account,” reveals that this document presents only a cursory listing of income and expenses. In addition, the few figures presented in the document do not add up, making it difficult, if not impossible, to draw a conclusion as to the state of decedent’s succession. After this document was filed, the trial court once again ordered Smith to file an accounting, evidencing its conclusion that the “interim account” was insufficient. Under these circumstances, we conclude that the trial court had cause for dismissal under La.C.Civ.P.Arts. 3182 and 3331 for Smith’s failure to file an account.
Despite our holding that Smith was properly dismissed for cause, we will briefly examine Smith’s assertion that Asbury does not have a right to succeed to decedent’s estate. The underlying premise of Smith’s arguments is that the right to accept a succession expires upon the death of the heir — in this case upon the death of Asbury’s husband, Mr. Asbury, who died without accepting Mrs. Helwick’s succession. This position is contrary to La.C.C. Art. 1007, which provides, “Not only the person who is entitled to an inheritance may accept it, but if he dies before having expressly or tacitly accepted or rejected it, his heir shall have a right to accept it under him.” Under the plain wording of this article, an unexercised right of acceptance is passed along at death. In addition, La. C.C. Art. 1017 provides, “The renunciation of a succession is not presumed, it must be made expressly by public act before a notary, in presence of two witnesses.” Neither Mrs. Helwick nor Mr. Asbury renounced decedent’s succession in the manner required by La.C.C. Art. 1017. Thus, even assuming that neither Mrs. Helwick nor Mr. Asbury ever exercised their right of acceptance, their right remained viable, and was passed along through operation of La. C.C. Art. 1007, first to Mr. Asbury upon the death of his sister, Mrs. Helwick, and then to Asbury upon the death of her husband, Mr. Asbury. Under La.C.C. Art. *826 1007 and the facts of this case, Asbury has a right to accept the succession of decedent.
Smith fails to mention La.C.C. Art. 1007 in her appellate brief, raising arguments instead under La.C.C. Arts. 880, 881, 882, 883, 889, 894, and 949. Having reviewed these articles and Smith’s accompanying arguments, we conclude that Smith’s arguments are off point and in no way counter the right of acceptance conferred by La. C.C. Art. 1007.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
WALTZER, J., dissents with written reasons.